**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 20 C 5513 |
| GILMER TRUCKING, LLC, an Indiana limited liability company, | ) District Judge Chares P. Kocoras<br>)<br>) Magistrate Judge Jeffrey Cole |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant, Gilmer Trucking, LLC ("Gilmer"), by its undersigned counsel, hereby responds to Plaintiffs' Complaint, as follows:

### JURISDICTION AND VENUE

**PARAGRAPH NO. 1:**

This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

**ANSWER:**

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 2:**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.* This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

**ANSWER:**

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 3:**

Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

**ANSWER:**

Defendant admits the allegations in this paragraph.

## PARTIES

**PARAGRAPH NO. 4:**

The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

**ANSWER:**

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 5:**

Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

**ANSWER:**

Defendant lacks sufficient knowledge upon which to form a basis to admit or deny who the present trustees and fiduciaries of the Pension Fund are or from where the Trustees administer the Pension Fund. Defendant admits all other allegations in this paragraph.

**PARAGRAPH NO. 6:**

Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

**ANSWER:**

Defendant admits the allegations in this paragraph.

**PARAGRAPH NO. 7:**

Defendant Gilmer Trucking, LLC ("Gilmer Trucking") is or was a limited liability company organized under the laws of the State of Indiana.

**ANSWER:**

Defendant admits the allegations in this paragraph.

**CLAIM FOR RELIEF**

**PARAGRAPH NO. 8:**

Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

**ANSWER:**

Defendant re-alleges and incorporates its responses to the allegations contained in paragraphs 1 through 7 of the Complaint with the same force and effect as if fully set forth herein.

**PARAGRAPH NO. 9:**

During all relevant times, Gilmer Trucking was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Gilmer Trucking was required to make contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER:**

Defendant lacks sufficient knowledge upon which to form a basis to admit or deny this allegation as it is unclear what is meant by "relevant times."

**PARAGRAPH NO. 10:**

The Pension Fund determined that on or about November 11, 2018, Gilmer Trucking permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383 (the "2018 Withdrawal").

**ANSWER:**

Defendant lacks sufficient knowledge upon which to form a basis to admit or deny this allegation as it is not known by Defendant when or what the Pension Fund determined.

**PARAGRAPH NO. 11:**

As a result of the 2018 Withdrawal, Gilmer Trucking incurred withdrawal liability to the Pension Fund in the principal amount of $777,399.54, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2018 Withdrawal Liability").

**ANSWER:**

Defendant admits that Plaintiff Pension Fund calculated its withdrawal liability to be $777,399.54.

**PARAGRAPH NO. 12:**

On or about May 15, 2020, Gilmer Trucking received a notice and demand for payment of the 2018 Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1) (the "Notice and Demand"). In the Notice and Demand, the Pension Fund demanded full payment of the entire amount of the 2018 Withdrawal Liability by June 1, 2020, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund Plan Document. The amount demanded was $777,399.54, the balance owed at that time on the 2018 Withdrawal Liability.

**ANSWER:**

Defendant denies the allegation in this paragraph that the notice and demand for payment issued by the Pension Fund was prepared in accordance with ERISA. Defendant denies that default procedures and requirements under ERISA to find Defendant in default were followed by the Pension Fund. Defendant denies that Plaintiff Pension Fund's acceleration of the withdrawal liability owed satisfied ERISA's requirements for such acceleration. Defendant admits that the amount demanded was $777,399.54, but denies that such is the amount owed upon acceleration.

**PARAGRAPH NO. 13:**

Gilmer Trucking did not request review of the withdrawal liability assessment pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and did not initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amount

y

demanded by the Pension Fund is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

**ANSWER:**

Defendant admits that it did not request review of the withdrawal liability assessment and did not initiate arbitration. Defendant denies the remaining allegations in this paragraph.

**PARAGRAPH NO. 14:**

Gilmer Trucking has failed to make the required 2018 Withdrawal Liability payment (or any portion thereof) to the Pension Fund.

**ANSWER:**

Defendant admits the allegations in this paragraph.

### **AFFIRMATIVE DEFENSE**

1. Plaintiff Pension Fund failed to satisfy the requirements under section 4219 of ERISA for defaulting the Defendant and accelerating Defendant's withdrawal liability, and thus its notice and demand for withdrawal liability is void.

2. Plaintiff improperly calculated the withdrawal liability owed upon Defendant's alleged default.

WHEREFORE, Defendant, Gilmer Trucking, LLC, respectfully requests that

Dated: January 29, 2021    GILMER TRUCKING, LLC

By:    /s/ William T. Daniels
       One of Its Attorneys

William T. Daniels (6224750)
Debrai G. Haile (6243058)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
wdaniels@lanermuchin.com
dhaile@lanermuchin.com

## CERTIFICATE OF SERVICE

I, William T. Daniels, the undersigned attorney, hereby certify that I caused the foregoing **Answer to Complaint** in the above-captioned matter to be served on the party of record listed below, through the functions of the Court's ECF system, before the hour of 5:00 p.m. on this 29th day of January, 2021, addressed to:

>Anthony Napoli
>Attorney for Plaintiffs
>Central States Funds
>8647 W. Higgins Road, 8th Floor
>Chicago, IL 60631
>(847) 939-2469
>tnapoli@centralstates.org

/s/ William T. Daniels